#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF FLORIDA
#### PENSACOLA DIVISION

SHERRY DEVASHER

      Plaintiff,

v.

                                    CASE NO.:

HOLLY NAVARRE WATER SYSTEM, INC.

      Defendant.
_____/

## COMPLAINT

Plaintiff, SHERRY DEVASHER, (hereinafter referred to as "DeVasher" or "Plaintiff"), by and through her undersigned attorney, sues the Defendant, Holly Navarre Water System, Inc., (hereinafter referred to as the "HNWS" or "DEFENDANT"), and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of gender, hostile work environment, and in retaliation for reporting the discriminatory acts, in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §

1

262 et seq., and Amendments (ADEAA), and the Florida Public Whistleblower's Act ("FPWA") §§ 112.3187-112.31895, Florida Statute.

2. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201914657) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201800919) on August 6, 2018. On February 2, 2019, more than 180 days lapsed since the charge was filed and the FCHR had not concluded its investigation nor made a determination as required pursuant to Fla. Stat. § 760.11(3). Plaintiff requested and the EEOC mailed a Right to Sue notice on July 10, 2019, and it was not received until on or about July 15, 2019.

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial

district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

## *PARTIES*

6. Plaintiff, is a Plaintiff is a 60 year old Caucasian female and a citizen of the State of Florida who resides in Navarre, Florida and is an employee within the meaning of Florida Private Sector Whistle-blower's Statute, *Fla. Stat. Section* 448.101, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

7. Defendant, HNWS, HNWS is a member owned, not for profit, corporation. Each member of the water system holds membership in the corporation upon signing a service agreement when connecting to the system. The operation of the HNWS is governed by a set of bylaws, which are enforced by a seven member-elected Board of Directors. Board members are elected by the members for a three year term and receive no compensation. Defendant is an "employer," pursuant to the Florida Private Sector Whistle-blower's Statute, *Fla. Stat. Section* 448.101, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as it employs fifteen (15) or more employees.

## *FACTS*

8. Plaintiff is a 60 year old Caucasian female.

9. Plaintiff began as Human Resources Director at Holley Navarre Water System (HNWS) in August of 2017, and directly reported to the General Manager, Paul Gardner.

10. In September 2017, Mr. Gardner filed a complaint against Board of Director (BOD) Vice-President James Calkins for harassment and age discrimination.

11. Defendant's BOD attorney instructed the BOD to seek outside counsel due to a conflict of interest.

12. BOD signed a letter of engagement with a Pensacola law firm to investigate and determine any possible liability of the complaint.

13. Mr. Gardner then filed an additional complaint against BOD Brian Kelly in November, 2017, for the same type of harassment and age discrimination.

14. Sometime in December or January, Mr. Calkins and BOD Ricki Desantis contacted HNWS IT Specialist Torin Brand and instructed him to give them access to Plaintiff's e-mail and not to let anyone know what he had been instructed to do; Mr. Brand complied.

15. At a Special Called Meeting by James Calkins on Sunday afternoon February 4, 2018, Mr. Desantis passed out a copy of an email Plaintiff had sent to Mr. Ralph Peterson on December 4, 2017.

16. The email included attachments (newspaper advertisements, etc.) that Plaintiff had gathered.

17. BOD, members Daryl Lynchard and/or Will Goulet said upon looking at the e-mail that the BOD needs to get rid of her.

18. Mr. Lynchard then made the motion and it was decided by majority vote that Plaintiff should be terminated.

19. Upon arrival at work the next day at 7:00 AM, Plaintiff was told that the BOD had decided to terminate her position.

20. Plaintiff's Separation Notice said "Elimination of My Position".

21. In February of 2018, the BOD introduced hired Ms. Jennifer Tweedy, a younger and less qualified individual who was given a larger salary, and her job description included Plaintiff's former job duties.

22. Plaintiff reasonably believed, in good faith, that the BOD's treatment of Mr. Gardner was discriminatory and in violation of both Florida and federal anti-discrimination laws.

23. Plaintiff reported the harassment of Mr. Gardner to the investigating attorney.

24. Any possible assertion that Plaintiff was terminated for performance reasons, or that there was a viable business justification for the dismissal, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity set forth pursuant to the Florida Public Sector Whistleblower Act, Title VII of the Civil Rights Act.

25. Plaintiff had objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated federal and state anti-discrimination laws.

26. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was ultimately terminated on February 5, 2018; hours after the BOD intercepted her e-mails.

27. There was no legitimate business reason, or business justification, for implementing the termination of the Plaintiff from her employment with the Defendant; and Plaintiff's objections to the Defendant's legal violations were reasonably made, in good faith.

28. The adverse personnel action, the termination of Plaintiff from her employment, as described and set forth above, clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

29. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has

lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

30. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

*FIRST CAUSE OF ACTION*
*(TITLE VII – RETALIATION)*

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 of this complaint with the same force and effect as if set forth herein.

32. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant to Title VII of the Civil Rights Act of 1964.

33. Plaintiff objected to, and/or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

34. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
*(FLORIDA CIVIL RIGHTS ACT - RETALIATION)*

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 of this complaint with the same force and effect as if set forth herein.

36. Defendant has retaliated against Plaintiff for availing herself of the protections afforded her pursuant to the Florida Civil Rights Act.

37. Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

38. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Select actions.

## THIRD CAUSE OF ACTION
(AGE DISCRIMINATION – FCHR)

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

40. This is an action to remedy discrimination on the basis of Plaintiff's age in the terms, conditions, and privileges of her employment with Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

41. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter

760 et seq., Florida Statutes.

42. At all times material hereto, Defendant was an employer within the meaning of national origin in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 20 employees.

43. While employed with Defendant, Plaintiff performed the duties and responsibilities of her position in a more than satisfactory manner.

44. Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's discrimination against her for engaging in a protective activity.

45. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

46. As a result of the Defendant's violations of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

47. As a result of being wrongfully and unlawfully discriminated against that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

48. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

49. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

FOURTH CAUSE OF ACTION
(AGE DISCRIMINATION - ADEAA)

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

51. This is an action to remedy retaliation by the Defendant in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

52. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Age Discrimination in Employment Act of 1967

(ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

53. At all times material hereto, Defendant was an employer within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), as the Defendant employed more than 20 employees.

54. While employed with Defendant, Plaintiff performed the duties and responsibilities of her position in a more than satisfactory manner.

55. Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity.

56. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

57. As a result of the Defendant's violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, he has sustained compensatory damages,

based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

58. As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

59. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

60. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

## FIFTH CAUSE OF ACTION
### (FLORIDA PUBLIC SECTOR WHISTLEBLOWER ACT – RETALIATION)

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 of this complaint with the same force and effect as if set forth herein.

62. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

63. At all material times herein, Plaintiff was an employee of the Defendant; HNWS, within the meaning of *Florida Statute Section* 448.101(3).

64. At all material times herein, Defendant, HNWS, was an employer, within the meaning of *Florida Statute Section* 448.101(3).

65. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

66. As a result of the Defendant's violations of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

67. As a result of being wrongfully and unlawfully discriminated against that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

68. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

69. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

70. There was no legitimate business reason, or business justification, for implementing the termination of the Plaintiff from her employment with the Defendant; and Plaintiff's objections to the Defendant's legal violations were consistently and reasonably made, in good faith.

71. The adverse personnel action, the termination of Plaintiff from her employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

72. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

73. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

74. Plaintiff was the subject of retaliation through adverse workplace and personnel actions in violation of the Florida Public Sector Whistleblower Act.

75. Plaintiff suffered damages and will continue to suffer irreparable injury in the future as a result of the Defendant's retaliatory acts until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violations of the Title VII, ADEA, FCRA, and Florida Public Sector Whistleblower Act;

b) Enjoining and permanently restraining those violations of the Title VII, ADEA, the FCRA and Florida Public Sector Whistleblower Act;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, lost wages (back pay), fringe benefits, pension, and other lost benefits.

e) Awarding Plaintiff Front or Future Pay;

f) Awarding Plaintiff liquidated damages;

g) Compensatory damages, for past and future emotional and health distress;

h) The costs of this action, together with reasonable attorney's fees; and

i) Any other further relief, allowable under § 448.101- 448.105, *Florida Statutes*, Title VII or the FCRA and which is necessary and proper, to make the Plaintiff whole, due to the statutory violation.

j) Granting such other and further relief as the court deems just and proper in the premises.

### DEMAND FOR JURY TRIAL

Plaintiff demands Trial by Jury of All Issues So Triable.

Respectfully submitted,

Dated: October 7, 2019.

By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff